UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MCKAY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. C15-521-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Steven McKay seeks review of the denial of his Supplemental Security Income application.[1] He contends the ALJ erred by misevaluating the opinions of consultative examiner Daniel Phan, M.D. and Alaro Lawson, ARNP; and by failing to incorporate all his limitations into his RFC/hypothetical at step five. Dkt. 10. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Mr. McKay is currently 57 years old, has at least a high school education, and has worked as a construction worker, hydraulic repairer, auto mechanic, and car salesman. Tr. 41,

---

[1] Though his original claims included benefits under Title II of the Social Security Act, Mr. McKay's reply contends the case has since been reduced to a Title XVI case. Dkt. 15 at 11.

REPORT AND RECOMMENDATION - 1

76-77. On June 21, 2012, he applied for benefits, alleging disability as of March 1, 2008. Tr. 17. His applications were denied initially and on reconsideration. *Id.*. The ALJ conducted a hearing on December 18, 2013, and a supplemental hearing on August 13, 2014. Tr. 33, 88. On September 18, 2014, the ALJ issued a decision finding Mr. McKay not disabled. Tr. 27, 33, 88.

Utilizing the five-step disability evaluation process,[2] the ALJ found Mr. McKay last met the insured status requirements through December 31, 2010; had not engaged in substantial gainful activity since his alleged onset date of March 1, 2008;[3] and that he has severe impairments of degenerative disc disease and sleep-related breathing disorder. Tr. 19. The ALJ further found Mr. McKay has the residual functional capacity ("RFC") to perform medium work with the following exceptions: he can stand, walk, and sit for six hours; he can lift, carry, push, and pull within medium exertional limits; he can frequently climb ramps/stairs and stoop; he can occasionally climb ladders and scaffolds; and he should not perform work where exposure to extreme cold, vibration, or hazards are present. Tr. 21. The ALJ found Mr. McKay cannot perform his past work but that he can perform other jobs[4] that exist in significant numbers in the national economy. Tr. 25-27. As the Appeals Council denied Mr. McKay's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## DISCUSSION

**A.     The ALJ Erred When Evaluating Dr. Phan's Opinion**

Mr. McKay contends the ALJ erred in assigning "significant weight" to the opinion of examining doctor Daniel Phan, M.D., but failing to incorporate certain aspects of the opinion

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] Mr. McKay's reply contends he amended his alleged onset date to October 2012 after the ALJ issued her decision. Dkt. 15 at 2.
[4] The ALJ found Mr. McKay can perform the jobs of store laborer, automobile detailer, mail room clerk, ticket seller, and storage rental clerk. Tr. 26-27.

REPORT AND RECOMMENDATION - 2

into his RFC/hypothetical to the Vocational Expert ("VE").  Dkt. 10 at 11-13.

Dr. Phan and non-examining doctor Dale Thuline, M.D., both opined Mr. McKay could sit for more than six hours in an eight-hour workday, could lift or carry 50 pounds occasionally and 25 pounds frequently, and could stand and walk for 6 hours in a workday with breaks.  Tr. 138, 152, 509.  The parties do not dispute the ALJ incorporated these limitations into Mr. McKay's RFC.  *See* Dkt. 10 at 11, Dkt. 14 at 9.  Rather, Mr. McKay argues the ALJ erred n failing to adopt Dr. Phan's additional opinion that he should "[a]void jobs requir[ing] frequent bending, stooping, twisting, turning and heavy lifting."  Dkt. 10 at 11 (*citing* Tr. 509).

The Commissioner contends the ALJ did not err because she gave specific and legitimate reasons based on substantial evidence in the record for not adopting all of Dr. Phan's opinion.  Dkt. 14 at 8; *see also Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995) (where an examining doctor's opinion is contradicted by that of another doctor, it may not be rejected without "specific and legitimate reasons based on substantial evidence in the record.").  To the extent the opinions differed, the Commissioner argues the ALJ properly explained why she assigned Dr. Thuline's opinion greater weight:  she summarized and interpreted conflicting medical evidence when she gave "greater weight" to Dr. Thuline's opinion "in light of the fact that he was able to review more of the relevant medical records, including records Dr. Phan did not review."  Dkt. 14 at 9 (*citing* Tr. 24).

In his reply, Mr. McKay argues the ALJ's reasoning was not specific and legitimate because she failed to explain how the additional records Dr. Thuline reviewed justified rejecting portions of Dr. Phan's opinion.  Dkt. 15 at 6.  The Court agrees.  Additionally, Mr. McKay correctly notes that Dr. Thuline assigned Dr. Phan's opinion "great weight," while assigning all other opinions he reviewed "other" weight.  *Id.* (*citing* Tr. 138).  But Dr. Thuline failed to

REPORT AND RECOMMENDATION - 3

discuss Dr. Phan's postural limitations.  The error was duplicated when the ALJ, perhaps under the impression the opinions were identical, adopted Dr. Thuline's and Dr. Phan's findings without discussing the discrepancies between them.  Having overlooked Dr. Thuline's error, the error was passed to the ALJ.  Accordingly, the Court cannot say the evidence reasonably supports the ALJ's decision.  On remand, Dr. Phan's opinion should be reevaluated.

**B.      The ALJ Did Not Err in Evaluating Alaro Lawson's Opinion**

Mr. McKay also challenges the ALJ's assignment of "no weight" to the opinions of his treating nurse practitioner, Alaro Lawson, and in particular, Mr. Lawson's May 2012 opinion.  Dkt. 10 at 3-17.  Nurse practitioners are considered "other medical sources," whose opinions can be rejected only upon providing reasons germane to that witness, but an ALJ may give less weight to opinions of other sources than to those of acceptable medical sources.  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

In May 2012, after treating Mr. McKay on a number of occasions since 2008, Mr. Lawson opined Mr. McKay could lift up to 20 pounds and frequently lift or carry 25 pounds.  Tr. 492.  By declining to check the appropriate boxes, Mr. Lawson indicated Mr. McKay could not stand six hours without standard rest breaks, sit for prolonged periods with occasional pushing and pulling of arm or leg controls, or sit for most of the day.  *Id.*  A Range of Joint Motion Evaluation Chart accompanies the opinion.  *See* Tr. 494-95.  Though Mr. McKay contends a record describing X-ray findings and back pain also comprise part of the record, Dkt. 10 at 5, 7 (*citing* Tr. 479), these findings are in fact part of an examination dated November 23, 2011, *see* Tr. 479.[5]  The ALJ gave several reasons for rejecting Mr. Lawson's opinions; some valid and

---

[5] Though it is true that two dates appear on Ex. 10F (11/23/2011 and 5/16/12), the note identifies Mr. McKay's age on the date of the exam, suggesting the exam was carried out in November 2011, and not May 2012.

REPORT AND RECOMMENDATION - 4

some invalid.  The Court evaluates each in turn.

### 1.   *Internally inconsistent*

The ALJ observed that, although Mr. Lawson indicated Mr. McKay could only lift a maximum of 20 pounds, he could frequently lift or carry 25 pounds.  Tr. 25; *see also* Tr. 492.  The ALJ concluded the opinions "make no sense."  Tr. 25.  Mr. McKay contends that, to the extent Mr. Lawson's findings are unclear, it is "because the form is poorly drafted," and the opinion "can only be read to reflect that Plaintiff has a lifting capacity less than that found by the ALJ."  Dkt. 10 at 10.  The argument is not persuasive.  In rejecting an opinion, an ALJ properly considers internal inconsistencies within and between a provider's reports.  *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).  Accordingly, this was no error.

### 2.   *Impairment and postural limitations*

The ALJ also rejected Mr. Lawson's 2012 opinion because he "did not list the impairment(s) on which the opinion was based."  Tr. 25.  Mr. McKay contends this was not a valid reason because "the only reasonable inference is that the limitations described were due to Plaintiff's back.  ARNP Lawson's examination of this date shows that Plaintiff was complaining of back pain and that ARNP Lawson noted back abnormalities on examination and x-ray."  Dkt. 10 at 9.  The DSHS form Mr. Lawson completed directs the provider to check a box indicating whether the claimant has postural restrictions, and then attach a range of motion ("ROM") form "and address limitations in chart notes."  Tr. 492.  Mr. Lawson completed and attached a ROM form indicating the maximum possible range of motion for ten movements.  *See* Tr. 492-95.  The form indicates only that Mr. McKay had restrictions in back flexion and hip movement.  Tr. 494.

However, the ALJ also found Mr. Lawson failed to identify Mr. McKay's postural limitations.  Tr. 25.  Though Mr. Lawson indicated Mr. McKay "has postural limitations," Tr.

REPORT AND RECOMMENDATION - 5

492, and noted his maximum possible range of motion for a range of movements, Tr. 494, he failed to indicate how the range of motion restrictions resulted in specific postural limitations, such as climbing, stooping, or balancing.  In fact, not even Mr. McKay articulates what postural limitations flow from his back conditions or ROM limitations.  An ALJ properly rejects an opinion that is brief, conclusory, and inadequately supported by medical records.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  Accordingly, with respect to postural limitations, the ALJ also did not err.

### 3. *Abdominal condition in 2009*

The ALJ further rejected Mr. Lawson's opinions because he determined Mr. McKay was limited to light work in 2009 based on an umbilicus or hernia condition, and because the opinion "conflicts with the record showing his improvement after PT, and later the injection."  Tr. 25 (*citing* Ex. 8F).  The ALJ did not find Mr. McKay's abdominal condition a severe impairment at step two, and Mr. McKay does not challenge this finding.[6]  In fact, Mr. McKay does not challenge the ALJ's treatment of the 2009 opinion.  *See* Dkt. 10 at 7.  As the ALJ's conclusion is clearly limited to this particular 2009 opinion, the Court finds the ALJ's conclusion does not apply to Mr. Lawson's later opinions and is thus irrelevant to Mr. McKay's argument.

### 4. *Duration of impairment during relevant period*

The ALJ rejected Mr. Lawson's November 2011 and May 2012 opinions because they were "prior to the June 2012 period with duration of just 3 to 12 months or 6, respectively."[7]  Tr. 25 (*citing* Ex. 11F).  Mr. McKay contends that, because there is no evidence his condition

---

[6] The Court observes that the July 2009 Physical Evaluation limited the opinion to a duration of three months.  Tr. 456.

[7] The ALJ's decision conflates the durations indicated in each opinion.  Mr. Lawson's November 2011 opinion stated Mr. McKay's work function would be impaired for six months.  Tr. 496.  Six months later, in May 2012, Mr. Lawson indicated Mr. McKay's work functioning would be impaired for three to twelve months.  *See* Tr. 492.

improved in the year after the May 2012 opinion, the ALJ failed to provide a valid reason for rejecting the opinion. Dkt. 10 at 8.  The Commissioner simply contends "the opinion does not meet the durational requirement for a severe impairment during the relevant time period at issue." Dkt. 14 at 7 (*citing* 42 U.S.C. § 423(d)(1)(A)).  Neither the ALJ's decision nor the parties' briefs are models of clarity on this matter.  As the Court understands the ALJ's decision and the parties' responses to it, Mr. McKay's application for Supplemental Security Income under Title XVI of the Social Security Act was denied because the ALJ found the opinions failed to establish his impairments covered the relevant period between June 2012, when he applied for benefits, and September 2014, the date of the ALJ's decision.[8]  The Commissioner further argues the ALJ expected Mr. McKay to regain the capacity to perform substantial gainful activity before the expiration of twelve continuous months.  *See* 42 U.S.C. § 423(d)(1)(A).

        Given an absence of any explanation on the part of the ALJ, the Court agrees with Mr. McKay that the ALJ's conclusion was not reasonable.  If the ALJ had information suggesting, for example, that Mr. Lawson's May 2012 opinion would not apply beyond three months, the ALJ failed to discuss it.  "Long-standing principles of administrative law require [this Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009).  Additionally, the Court is "constrained to review the reasons the ALJ asserts," *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003), and may not "speculate as to the grounds for the ALJ's conclusions." *Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).  Accordingly, this was not a germane reason for discounting Mr. Lawson's 2012 opinion.

---

[8] Mr. McKay's reply brief supports this interpretation because it states Mr. McKay's Opening Brief erroneously suggested "that this was a Title II case." Dkt. 15 at 11 n.1.

REPORT AND RECOMMENDATION - 7

### 5. Not an acceptable medical source

Finally, the ALJ rejected Mr. Lawson's opinion because, as an "other source," his opinion was less reliable than those of Drs. Phan and Thuline. Tr. 25. The Court agrees with Mr. McKay that "other" sources are not to be discounted merely because of their status as "other" sources. *See, e.g.*, Social Security Ruling ("SSR") 06–3p. While an ALJ may give less weight to opinions of other sources than to those of acceptable medical sources, the ALJ must still provide germane reasons for rejecting other source opinions. *Molina*, 674 F.3d at 1111. In this case, the ALJ failed to do so.

Although the reasons the ALJ gave to discount Mr. Lawson's opinions are not error free, the Court concludes the ALJ's errors were harmless. This is because despite the errors, substantial evidence supports the valid reasons the ALJ gave, and thus the ALJ's errors do not negate the validity of her ultimate determination to discount Mr. Lawson's opinions. *Batson v. Commissioner*, 359 F.3d 1190, 1197 (9th Cir. 2004) (error harmless where it does not "negate the validity of the ALJ's ultimate conclusion"). The Court thus recommends affirming the ALJ's decision regarding Mr. Lawson's 2012 opinion.

## C. The ALJ Erred at Step Five

Mr. McKay makes two arguments regarding the ALJ's evaluation at step five. First, he argues the ALJ erred at step five because the RFC/hypothetical posed to the VE failed to incorporate the opinions of Dr. Phan and Mr. Lawson. Dkt. 10 at 14. Because the Court finds the ALJ did not err with respect to the opinion of Mr. Lawson, Mr. McKay cannot establish that the ALJ erred in failing to incorporate his opinions into his RFC/hypothetical. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

The question remains as to whether the Commissioner has met her burden at step five

given the ALJ's error in evaluating Dr. Phan's opinions.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) ("The burden of proof is on the claimant as to steps one to four"; that burden shifts to the Commissioner at step five to show the claimant can perform other work that takes into consideration his residual functional capacity, age, education, and work experience.).

The parties agree that two of the jobs posited by the VE, store laborer and automobile detailer, require frequent stooping.  Dkt. 10 at 12; Dkt. 14 at 11; *see also* Tr. 99-100.  However, the parties dispute whether Mr. McKay has demonstrated harmful error given the remaining jobs posited by the VE and cited in the ALJ's decision:  mail room clerk, ticket seller, and storage rental clerk.[9]  Dkt. 10 at 12-15; Dkt. 14 at 10-13.

Dr. Phan opined Mr. McKay should avoid jobs requiring frequent twisting and turning.  Tr. 509.  These limitations are not specifically indicated in the Dictionary of Occupational Titles ("DOT").  Because the hypothetical presented to the VE did not include these limitations, the VE was not tasked with addressing them.  A VE's testimony based on an incomplete hypothetical lacks evidentiary value to support a finding that a claimant can perform jobs in the national economy.  *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (*citing DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991).  The error is not harmless because there is at least a potential likelihood that, had Dr. Phan's opinion been included in Mr. McKay's RFC/hypothetical, the VE would have found Mr. McKay could not perform the alternative jobs of mail room clerk, ticket seller, and storage rental clerk.

Mr. McKay also contends a finding of disability is warranted because he is "disabled if the medical-vocational rules for light work are applied."  Dkt. 10 at 14.  Specifically, he contends

---

[9] The Court agrees with Mr. McKay that the ALJ's decision cannot be affirmed on the basis that the VE identified three additional jobs Mr. McKay could perform that do not require more than occasional stooping (laundry worker, bus person, and prep cook), because the ALJ did not cite these jobs as a basis for her decision.  Dkt. 10 at 14-15 (*citing* Tr. 104-05; *see also* Tr. 26-27).

that, even if his twisting and turning limitations do not preclude the jobs of mail room clerk, ticket seller, and storage rental clerk, he is still disabled, "because at his age (55) if he is limited to light work, he is disabled under Rule 202.04." Dkt. 10 at 13 (*citing* 20 C.F.R. § 404, Subpart P, App. 2, Rule 202.04).[10]  As a preliminary matter, it is not entirely clear why Mr. McKay concludes Rule 202.04, which describes light work for an individual with unskilled or no previous work experience (rather than skilled or semiskilled previous work experience) applies. The ALJ did not find Mr. McKay had no previous work experience or previous work experience that was unskilled. *See, e.g.,* Tr. 25.  Nor is this Court the appropriate venue to make such a determination for the first time on appeal. *See Andrews*, 53 F.3d at 1039.  Nevertheless, because this case is already being remanded to address the errors discussed above, the ALJ will have an opportunity to revisit her findings regarding the Medical-Vocational Guidelines.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate Dr. Phan's opinions, and as necessary, Mr. McKay's RFC and steps four and five of the five-step evaluation process.

A proposed order accompanies this Report and Recommendation.  Any objection to this Report and Recommendation must be filed and served no later than **September 23, 2015**.  If no objections are filed, the Clerk shall note the matter for **September 24, 2015** as ready for the Court's consideration.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's

---

[10] Mr. McKay erroneously cites to 20 C.F.R. § 404, Subpart P, App. 1, Rule 202.04, but the proper citation is to App. 2 of 20 C.F.R. § 404, Subpart P.

consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed ten pages.  The failure to timely object may affect the right to appeal.

DATED this 9th day of September, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11